IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COOK CHILDREN'S HEALTH FOUNDATION a/k/a W.I. COOK FOUNDATION, INC., on behalf of itself and a class of similarly situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DIAMONDBACK E&P, LLC,<br><br>　　　　Defendant. | Case No. CIV-21-359-D |

## ORDER

Before the Court is Plaintiff's Unopposed Motion to Certify the Settlement Class for Settlement Purposes, to Preliminarily Approve the Class Action Settlement, to Approve the Form and Manner of Notice, and to Set a Date for a Final Fairness Hearing [Doc. No. 50] (the "Motion for Preliminary Approval").

Plaintiff Cook Children's Health Foundation a/k/a W.I. Cook Foundation ("Plaintiff"), on behalf of itself and a class of similarly situated persons described below (collectively, the "Settlement Class") filed this lawsuit against Diamondback E&P, LLC ("Diamondback") for the alleged underpayment of royalties on natural gas, natural gas liquids, and associated hydrocarbons produced from wells located in Texas during the Claim Period (the "Litigation").[1] On November 16, 2023, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement"). The Settlement Agreement,

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

together with the documents referenced therein and exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement Agreement, Plaintiff now presents the Settlement to the Court for preliminary approval under FED. R. CIV. P. 23.

The Court has reviewed the Motion for Preliminary Approval, the record in the Litigation and the Settlement Agreement, together with the exhibits attached thereto and incorporated by reference therein. Upon consideration, the Motion for Preliminary Approval is **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2. The Court finds the Settlement Class should be certified at this stage for the purposes of this Settlement, as the Settlement Class meets all certification requirements of FED. R. CIV. P. 23 for a settlement class. The Settlement Class is certified for settlement purposes only, subject to the Court's final consideration at the Final Fairness Hearing. Because this case has been settled at this stage of the proceedings, the Court does not reach the issue of whether the Settlement Class could have been certified in this case on a contested basis.

3. The certified Settlement Class is defined as follows:

> All royalty owners in Texas wells where Diamondback E&P LLC, Diamondback Energy, Inc., Energen Resources Corporation, and/or each's respective affiliates was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from

>April 1, 2011 to July 31, 2023 under oil and gas leases which expressly contain the off-lease use of gas royalty clause, the on-lease free use clause, or both, and in which Diamondback E&P LLC, Diamondback Energy, Inc., Energen Resources Corporation, and/or each's respective affiliates are lessees or successors-in-interest under such agreements (collectively, the "Diamondback Entities").
>
>Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) agencies, departments, or instrumentalities of the State of Texas; (3) Diamondback Entities and their affiliates, officers, and directors; (4) any publicly traded entity (and its affiliates) that produces, gathers, processes, or markets gas; (5) the claims of royalty owners to the extent covered by arbitration clauses or prior settlement agreements, if any, still in effect on the date this lawsuit was filed; and (6) royalty paid by Diamondback Entities only as a pass-through for other non-affiliated entities, except to the extent any claims are asserted directly against the Diamondback Entities that arise from such royalty paid.

4.  The Court finds, subject to the Court's final consideration at the Final Fairness Hearing, the above-defined Settlement Class satisfies all prerequisites of FED. R. CIV. P. 23(a) for settlement purposes and on a preliminary basis:

   a.  **Numerosity.** Plaintiff has shown that "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Here, the Settlement Class consists of several thousand royalty owners. *See* Pl.'s Mot. Prelim. Cert. at 10. Therefore, the Court finds the numerosity prerequisite is met.

3

      b.    **Commonality.** Plaintiff has shown that "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). A "common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, classwide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted). "Factual differences in the claims of class members should not result in a denial of class certification where common questions of law exist." *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982). Here, Plaintiff's "underpayment claims involve common questions of law and fact, including whether the Settlement Class's leases contain language addressing the payment of royalties on off-lease fuel gas, or contain free-use clauses, and whether the Diamondback Entities were required to pay royalties on off-lease fuel gas." Pl.'s Mot. Prelim. Cert. at 11. Therefore, the Court finds the commonality requirement is met.

      c.    **Typicality.** Plaintiff has shown that "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). To meet this requirement, "[e]very member of the class need not be in a situation identical to that of the named plaintiff." *DG v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010) (citation omitted). Rather, "[p]rovided the claims and Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality." *Id.* at 1198-99. Here, "Plaintiff's claims are typical of the Settlement Class' claims because Plaintiff alleges that it owns a royalty interest under a lease that requires the

4

Diamondback Entities to pay royalties on off-lease fuel use, and that the Diamondback Entities breached that obligation." Pl.'s Mot. Prelim. Cert. at 12. Therefore, the Court finds the typicality requirement is met.

      d.    **Adequacy.**  Plaintiff and Plaintiff's Counsel have shown that "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Adequacy is satisfied when (1) neither the plaintiff nor its counsel has interests that conflict with the interests of other class members, and (2) the plaintiff will prosecute the action vigorously through qualified counsel. *See Rutter Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188-89 (10th Cir. 2002). Here, no "conflicts exist between Plaintiff or its counsel and other members of the Settlement Class," and Plaintiff has vigorously prosecuted this case through qualified counsel, who have "been appointed as lead counsel in multiple previous class actions, including numerous class actions in this Court." Pl.'s Mot. Prelim. Cert. at 13. Therefore, the Court finds the adequacy requirement is met.

In addition, because the Court finds Plaintiff and Plaintiff's Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiff as Class Representative and Plaintiff's Counsel, Rex A. Sharp and Scott B. Goodger of Sharp Law, LLP, as Class Counsel.

    5.    The Court also finds the requirements of FED. R. CIV. P. 23(b)(3) are met for settlement purposes and on a preliminary basis:

      a.    **Predominance.**  Rule 23(b) requires "questions of law or fact common to the members of the class predominate over any questions affecting only

5

individual members." FED. R. CIV. P. 23(b)(3). "Classwide proof is not required for all issues. Instead, Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions." *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014). Here, the "common questions of lease language and whether the Diamondback Entities owed royalties on gas used off-lease as fuel predominate over individual issues." *See* Pl.'s Mot. Prelim. Cert. at 14. Therefore, the Court finds the predominance requirement is met.

      b.    **Superiority.** Rule 23(b) further requires "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Here, "although liability may be substantial in the aggregate, the average Class Member's damages likely would not warrant the bringing of individual lawsuits." Pl.'s Mot. Prelim. Cert. at 15. Further, there are not "any anticipated difficulties managing the case as a class action for settlement purposes only." *Id.* Therefore, the Court finds the superiority requirement is met.

In sum, the Court finds all prerequisites and requirements of FED. R. CIV. P. 23(a)-(b) are satisfied for purposes of certifying a class for settlement reasons, subject to the Court's final consideration at the Final Fairness Hearing.

      6.    The Court preliminarily finds: (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class's claims; (c) Class Representative and Class Counsel have concluded that the proposed Settlement is fair,

reasonable, and adequate; and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

7. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or any proposed Distribution Schedule, and to show cause, if any exists, why the Judgment dismissing the Released Claims in the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

8. The Court further preliminarily approves the form and content of the proposed Notices, which are attached to the Settlement Agreement, and finds the Notices are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and FED. R. CIV. P. 23. The Court finds the form and content of the Notices fairly and adequately: (a) describe the terms and effect of the Settlement; (b) notify the Settlement Class that Class Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award for Class Representative's services; (c) notify

the Settlement Class of the time and place of the Final Fairness Hearing; (d) describe the procedure for requesting exclusion from the Settlement; and (e) describe the procedure for objecting to the Settlement or any part thereof.

9. The Court also preliminarily approves the proposed manner of communicating the Notices to the Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and FED. R. CIV. P. 23:

   a. No later than thirty (30) days after entry of this Preliminary Approval Order, the Settlement Administrator will mail (or cause to be mailed) the postcard Notice to all Class Members who have been identified after reasonable efforts to do so and will post the long-form Notice to the settlement website. The postcard Notice will be mailed to Class Members using the data described in paragraph 3.3 of the Settlement Agreement, the last known addresses for each payee, and any updated addresses found by the Settlement Administrator. For any Settlement Class Members who received more than one payment, the Notice of Settlement will be mailed to the payee's last-known address (or any updated address found by the Settlement Administrator). The Settlement Administrator will also publish the Notice as described below.

   b. No later than ten (10) days after mailing the postcard Notice, or at such time as is ordered by the Court, the Settlement Administrator also shall publish (or cause to be published) the summary Notice of Settlement one time in each of the

following newspapers: (a) *The Oklahoman*, a paper of general circulation in Oklahoma; (b) *The Dallas Morning News*, a paper of general circulation in Texas; and (c) *The Houston Chronicle,* a paper of general circulation in Texas.

  c. Within ten (10) days after mailing the postcard Notice and continuing through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (i) the Notice of Settlement, (ii) the Complaint, (iii) the Settlement Agreement, (iv) this Order, and (v) other publicly-filed documents related to the Settlement.

  d. No later than thirty (30) days prior to the Final Fairness Hearing, Class Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

10. Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

11. The Court appoints JND Legal Administration to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. The Settlement Administrator will receive and process any Requests for Exclusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement, the Judgment, and the Court's order(s) authorizing distribution of the Net Settlement Amount to the

Settlement Class Members. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

13. The Court appoints Citibank as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Settlement Agreement and Escrow Agreement. The Parties and their Counsel shall not be liable for any act or omission of the Escrow Agent or loss of the funds in the Escrow Account.

13. Pursuant to FED. R. CIV. P. 23(e), a Final Fairness Hearing shall be held on **March 27, 2024 at 3:00 P.M.** in the United States District Court for the Western District of Oklahoma, the Honorable Timothy D. DeGiusti presiding. The Final Fairness Hearing will enable the Court to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

    c. determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Released Claims in the Litigation

against the Diamondback Entities with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      d.    determine the proper method of allocation and distribution of the Net Settlement Amount among Settlement Class Members who are not excluded from the Settlement Class by virtue of a timely and properly submitted Request for Exclusion or other order of the Court;

      e.    determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award to Class Representative are fair and reasonable and should be approved; and

      f.    rule on such other matters as the Court may deem appropriate.

14.    The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application for Plaintiff's Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award to Class Representative without further notice to the Settlement Class. The Settlement Administrator will update the website maintained pursuant to this Order to reflect the current information about the date and time for the Final Fairness Hearing.

15.    Class Members wishing to exclude themselves from the Settlement Class pursuant to FED. R. CIV. P. 23(e)(4) must submit a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone

11

number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Cook v. Diamondback E & P LLC*; and (iii) a description of the Class Member's interest in any wells for which the Diamondback Entities remitted oil-and-gas proceeds, including the name, well number, county in which the well is located, and the owner identification number. Requests for Exclusion must be served on the Settlement Administrator, and Class Counsel by certified mail, return receipt requested and received no later than 5 P.M. CT by the deadline of twenty-one (21) calendar days prior to the Final Fairness Hearing at the addresses for the Settlement Administrator and Class Counsel. Requests for Exclusion may be mailed as follows:

**Settlement Administrator:**
Cook v. Diamondback Settlement
c/o JND Legal Administration, Settlement Administrator
PO Box 91231
Seattle, WA 98111

**Class Counsel:**
Rex A. Sharp
Scott B. Goodger
Sharp Law, LLP
4820 W. 75th Street
Prairie Village, KS 66208

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Settlement Class Member that has not timely and properly submitted a Request for Exclusion shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16.    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation

Methodology, any Distribution Schedule, the request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request for an Incentive Award to Class Representative may file an objection. The written objection must contain the following: (a) a heading referring to *Cook v. Diamondback E & P LLC*, Case No. 5:21-cv-00359-D, United States District Court for the Western District of Oklahoma; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (c) a detailed statement of the specific legal and factual basis for each and every objection; (d) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (e) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (f) a list of any legal authority the objector may present at the Final Fairness Hearing; (g) the objector's name, current address, current telephone number, and all owner identification numbers with the Diamondback Entities; (h) the objector's signature executed before a Notary Public; (i) identification of the objector's interest in wells for which the Diamondback Entities remitted oil and gas proceeds (by well name, well number, payee name, payee number, and county in which the well is located) during the Claim Period and identification of any payments by date of payment, date of production, and amount; and (j) if the objector is objecting to any portion of Plaintiff's

Attorneys' Fees, reimbursement of Litigation Expenses or Administration, Notice, and Distribution Costs, or an Incentive Award sought by Class Representative or Class Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of such requests he/she/it believes is fair and reasonable and the portion that is not. Such written objection must be filed with the Court and served on Plaintiff's Counsel and Diamondback's Counsel, via certified mail return receipt requested, and received no later than 5 P.M. CT by the deadline of twenty-one (21) calendar days prior to the Final Fairness Hearing at the addresses for the Settlement Administrator and Class Counsel as set forth in paragraph 15 above and, for Diamondback's Counsel:

**Diamondback's Counsel:**
John J. Griffin, Jr.,
Crowe & Dunlevy
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102

John F. Shepherd
Christopher A. Chrisman
Michelle R. Seares
Holland & Hart LLP
P.O. Box 8749
555 17th Street, Suite 3200
Denver, CO 80201-8749

Any Class Member who fails to timely file and serve such written statement and substantially provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. Either or both Parties' Counsel may file any reply or response to any objections prior to the Final Fairness Hearing. The procedures set forth in this

paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

17. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

18. No later than twenty-eight (28) calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to the Settlement Agreement, Plaintiff's Counsel and Plaintiff shall move for: (a) final approval of the Settlement pursuant to FED. R. CIV. P. 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2 to the Settlement Agreement; (c) final approval of the Allocation Methodology and Final Distribution Schedule; and (d) Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award.

19. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement. Any obligation or provision in the Settlement Agreement that

expressly pertains to the termination of the Settlement or events to occur after the termination, shall survive termination of the Settlement Agreement and Settlement.

20. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Settlement Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

21. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received as evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between the Diamondback Entities and any Settlement Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, judgment, or release. This Order shall not be construed or used as an admission, concession, or declaration by or against the Diamondback Entities of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and the Diamondback Entities specifically deny any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an

admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation or class certifiability in the event the Settlement is terminated.

22. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement and Settlement and the orders of the Court related thereto.

23. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation.

24. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

**IT IS SO ORDERED** this 2nd day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge