IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COOK CHILDREN'S HEALTH FOUNDATION a/k/a W.I. COOK FOUNDATION, INC., on behalf of itself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>DIAMONDBACK E&P LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-21-359-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This is a class action lawsuit brought by Plaintiff Cook Children's Health Foundation a/k/a W.I. Cook Foundation, Inc. ("Plaintiff"), on behalf of itself and a class of similarly situated persons described below (collectively, the "Settlement Class") against Diamondback E&P LLC ("Diamondback") for the alleged underpayment of royalty on natural gas, natural gas liquids, and associated hydrocarbons produced from wells located in Texas during the Claim Period.[1] On November 16, 2023, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement"). The Settlement Agreement, together with the documents referenced therein and exhibits thereto, set forth the terms and conditions for the proposed Settlement of the Litigation.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

On January 2, 2024, the Court preliminarily approved the Settlement Agreement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing [Doc. No. 52] (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, among other things:

    a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 having been satisfied with respect to the proposed Settlement Class;

    b.    appointed Plaintiff as Class Representative and Plaintiff's Counsel, Rex A. Sharp and Scott B. Goodger of Sharp Law, LLP, as Class Counsel;

    c.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class's claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

    d.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

    e.    preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices,

among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiff's Counsel will seek Plaintiff's Attorney Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

     f.    instructed the Settlement Administrator to disseminate the approved Notices to potential members of the Settlement Class in accordance with the Settlement Agreement and in the manner approved by the Court;

     g.    provided for the appointment of a Settlement Administrator;

     h.    provided for the appointment of an Escrow Agent;

     i.    set the date and time for the Final Fairness Hearing as March 27, 2024, at 3:00P.M. in the United States District Court for the Western District of Oklahoma;[2] and

---

[2] On March 15, 2024, the Court entered an Amended Notice reflecting the rescheduling of the Final Fairness Hearing to March 29, 2024 at 1:00 p.m. *See* Am. Notice of Final Fairness Hearing [Doc. No. 56]. In the Preliminary Approval Order, the Court reserved the right to adjourn, continue, and reconvene the Final Fairness Hearing without further notice to the Settlement Class. *See* Preliminary Approval Order, ¶ 14. The Notice and Summary Notice likewise notified the Settlement Class that the date of the Final Fairness Hearing was subject to change without further notice and directed the Class Members to check with the Court and the website, www.cook-diamondback.com, to confirm any changes to the date and/or time of the Final Fairness Hearing.

  j. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On March 29, 2024, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, among other things:

  a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

  b. determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

  c. determine whether to approve the Allocation Methodology, and the Distribution Schedule of the Net Settlement Amount to Settlement Class Members who

did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[3]

      d.      determine whether a Judgment should be entered pursuant to the Settlement Agreement, which would, among other things, dismiss the Litigation against Diamondback with prejudice and extinguish, release, and bar all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      e.      determine whether the applications for Plaintiff's Attorney Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Incentive Award to Class Representative are fair and reasonable and should be approved;[4] and

      f.      rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now finds and concludes as follows:

1.      The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[3] The Court will issue a separate order on the allocation and distribution of the Net Settlement Amount among the Settlement Class Members (the "Final Distribution Schedule").

[4] The Court will issue a separate order on Plaintiff's Counsel's request for Attorneys' Fees, reimbursement of Litigation Expenses, and Administration, Notice, and Distribution Costs, and the Class Representative's request for an Incentive Award.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All royalty owners in Texas wells where Diamondback E&P LLC, Diamondback Energy, Inc., Energen Resources Corporation, and/or each's respective affiliates was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from April 1, 2011 to July 31, 2023 under oil and gas leases which expressly contain the off-lease use of gas royalty clause, the on-lease free use clause, or both, and in which Diamondback E&P LLC, Diamondback Energy, Inc., Energen Resources Corporation, and/or each's respective affiliates are lessees or successors-in-interest under such agreements (collectively, the "Diamondback Entities").
>
> Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) agencies, departments or instrumentalities of the State of Texas; (3) Diamondback Entities and their affiliates, officers, and directors; (4) any publicly traded entity (and its affiliates) that produces, gathers, processes, or markets gas; (5) the claims of royalty owners to the extent covered by arbitration clauses or prior settlement agreements, if any, still in effect on the date this lawsuit was filed; and (6) royalty paid by the Diamondback Entities only as a pass-through for other non-affiliated entities, except to the extent any claims are asserted against the Diamondback Entities that arise from such royalty paid.

For purposes of clarification, and as requested by the U.S. Department of the Interior, the exclusion related to Indian tribes and Indian allottees includes any Indian Tribe as defined in 30 U.S.C. § 1702(4) and any Indian allottee as defined in 30 U.S.C. § 1702(2).

4.     For substantially the same reasons as set out in the Court's Preliminary Approval Order, the Court finds that the above-defined Settlement Class should be and is hereby certified for the purposes of entering judgment pursuant to the Settlement Agreement. Specifically, the Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement purposes. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case on a contested basis.

5.     The Court finds that the persons and entities identified in the attached Exhibit 1 have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

6.     At the Final Fairness Hearing on March 29, 2024, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendant and their respective counsel, but also the interests of all absent Class Members.

7.     The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. Notice was mailed to the Settlement Class based on the names and last known addresses available for current royalty owners pursuant to paragraphs 1.37,

1.41, and 3.1-3.6 of the Settlement Agreement, which assume current royalty owners are the correct payees, including for any interest held by a predecessor due to assignment, sale, inheritance, or other transfer. If this is incorrect as to a particular transfer of interest, paragraph 19 below orders the Settlement Class Member who receives payment to make payment to the proper party or return payment to the Settlement Administrator. Notice was also published in *The Oklahoman*, a paper of general circulation in Oklahoma, *The Dallas Morning News*, a paper of general circulation in Texas, and *The Houston Chronicle*, a paper of general circulation in Texas. The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and other applicable law. Therefore, the Court approves the form, manner, and content of the Notices used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement. No objections were asserted.

        8.      Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the

covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.[5]

9.   By agreeing to settle the Litigation, the Diamondback Entities do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically deny any and all wrongdoing and liability to the Settlement Class, Class Representative, and Class Counsel.

---

[5] At the Final Fairness Hearing, the Court questioned the parties on the absence of an affidavit from Robert G. Gum, the individual engaged by the parties to conduct the mediation that ultimately resulted in the Settlement reached in this case. At the Court's request, the parties obtained and filed a declaration of Mr. Gum. *See* Gum Decl. [Doc. Nos. 58-1]. The Court has reviewed Mr. Gum's declaration and concludes that it strongly supports a finding that the Settlement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

10. The Court finds that on November 21, 2023, the Diamondback Entities caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Member to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the value of the Gross Settlement Amount. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

11. The Litigation and Released Claims are dismissed with prejudice as to the Released Parties. All Settlement Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (a) are hereby deemed to have finally, fully,

and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and (b) are barred and permanently enjoined from, directly or indirectly, on any Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees.

12.     The Court approves the efforts and activities of the Settlement Administrator and the Escrow Agent in assisting with certain aspects of the administration of the Settlement and directs them to continue to assist Class Representative and Class Counsel in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Distribution Schedule approved by the Court, and the Court's other orders.

13.     Nothing in this Judgment shall bar any action or claim by Class Representative or the Diamondback Entities to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

14.     If it has not already occurred, the Settlement Administrator is directed to refund to the Diamondback Entities the gross amounts attributable to Class Members under the Preliminary Distribution Schedule who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the timing, terms, and process detailed in the Settlement Agreement.

15.     Neither this Settlement, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be

used as, evidence of or an admission or concession by the Diamondback Entities of any fault, wrongdoing, or liability whatsoever with respect to the claims and allegations in the Litigation, or class certifiability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, and the Settlement Agreement itself, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received as evidence in any action or proceeding by or against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between the Diamondback Entities and any Settlement Class Member(s), the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Released Claims in any proceeding. Further, this Judgment shall not give rise to any admission or collateral estoppel effect as to the certifiability of any class in any other proceeding.

16.    The Allocation Methodology and the Final Distribution Schedule are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement Agreement accordingly.

17.    The Court finds that Class Representative, the Diamondback Entities, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representative and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

18. Neither the Diamondback Entities nor their Counsel shall have any liability or responsibility to Plaintiff, Class Counsel, or the Settlement Class with respect to the Gross Settlement Amount or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. No Settlement Class Member shall have any claim against Plaintiff, Class Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Final Distribution Schedule, or other orders of the Court.

19. Any Settlement Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s), or (b) return the Distribution Check uncashed to the Settlement Administrator.

20. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with the Settlement Agreement.

21. Any order approving or modifying any Distribution Schedule, the application by Class Counsel for an award of Attorney Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representative for an Incentive Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein.

22. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the

terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to the Diamondback Entities.

23. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Amount, to issue additional orders pertaining to, among other things, Class Counsel's request for Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for an Incentive Award, and to enforce this Judgment.

24. The claims asserted by Class Representative in this Litigation and all Released Claims are hereby **DISMISSED WITH PREJUDICE** to the refiling of the same or any portion thereof against the Released Parties, or any of them. The Court retains jurisdiction pursuant to paragraph 23 above to administer the Settlement distribution process as contemplated in the Court's separate Final Distribution Schedule, to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, among other things, Class Counsel's request for Attorney Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice,

and Distribution Costs, and Class Representative's request for an Incentive Award, and to enforce this Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to the Diamondback Entities and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

**IT IS SO ORDERED** this 3rd day of May, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COOK CHILDREN'S HEALTH FOUNDATION a/k/a W.I. COOK FOUNDATION, INC., on behalf of itself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>DIAMONDBACK E&P LLC,<br><br>Defendant. | Case No. CIV-21-359-D |

## EXHIBIT 1

### Excluded Persons/Entities

SRO Land & Minerals, L.P.
Justin R. Clements
Gene G. Clements Edwards
MES Land & Minerals LP
Monroe Properties Inc.
Karen Spinnler Thompson
Ballenger Family LP
Francys A. Ballenger Rev Trust
Glass Properties Ltd.
Joe Hayter GST Trust DTD 11/9/2016
Lethco Minerals Ltd.
Nelson Lenord Lethco, Jr.
Martha Lethco Burnett
Neal Lethco Hayter Ranch Ltd
Timothy Hayter GST Trust DTD 11/14/2016
Heather Balyeat GST Trust
Kaiser-Francis Oil Company
Lauris Ann Akins
Kervin Frysak
Cindy Clements Rojas
Morgan Clements
Burnet Minerals Ltd.
Glass White River Ranches